OPINION
Defendant-appellant Edward J. Palmer appeals from the sentencing decision of the Mahoning County Common Pleas Court. Said court sentenced appellant to a ten year maximum sentence on each of the fifteen counts to which appellant pled guilty. Each of the fifteen sentences were ordered to run concurrent except one of the four rape charges was ordered to run consecutive to the other charges. After merging eleven of the fifteen firearm specifications, the court also sentenced appellant to a consecutive twelve year term on the four remaining specifications. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
On December 10, 1997, appellant committed aggravated burglary with a firearm at a residence on Trenton Street in Youngstown, Ohio, taking $400 from the residents. On December 11, 1997, appellant forced his way into a residence on West Ravenwood Avenue. While he was there, he held an eleven and twelve year old child at gunpoint. He locked one of the children in a closet and continued to hold his gun on the other child while he forced the children's mother to strip. Appellant then ordered the mother to perform oral sex on him while her child watched. When the mother claimed to have no money, appellant commanded this family to accompany him as he committed aggravated burglary at a house on Idlewood Avenue where he took $230 and a car from the residents of that household.
On December 23, 1997, appellant forced his way into a residence with a firearm on Brooklyn Avenue. He then required three women to perform oral sex on him while one of the women's husband and son watched. When a visitor entered the residence, appellant robbed him of $20.
On December 28, 1997, appellant forced his way into a house on Guadalupe Avenue. Apparently, he knew the woman who lived there. Although she was not home at the time, her adult son was held at gunpoint and robbed. When appellant went outside to look at the son's car, he was locked out and the police were called. They arrived soon thereafter and arrested appellant, who was in possession of the stolen items.
On February 13, 1998, appellant was indicted on twenty counts. He confessed to all accusations. Two victims, whose stories were not recited above, recanted their identification and thus two rape counts, two felonious assault counts and an aggravated burglary count were later dismissed. At the same time, appellant pled guilty to the remaining fifteen counts in the indictment all with firearm specifications. These fifteen counts include four counts of rape, five counts of aggravated burglary, five counts of kidnapping, and one count of aggravated robbery. The state dropped the four sexually violent predator specifications, which could have carried life sentences. The plea agreement also resulted in the state and appellant jointly recommending the maximum sentence of ten years on each count to run concurrent and the merging of various firearm specifications so that four were left which were to run consecutive to each other and consecutive to any other sentence. The court accepted appellant's guilty pleas on October 8, 1998.
A sexual predator and sentencing hearing proceeded on December 4, 1998. At this hearing, appellant stipulated to the contents of a report prepared by the Forensic Psychiatric Center, waived a classification hearing, and stipulated that he should be classified as a sexual predator. (Tr. 3-4). When the hearing moved into the sentencing phase, the first rape victim and the last burglary victim spoke. Both urged a harsher sentence than the sentence that was jointly recommended by the state and the defense. (Tr. 12, 17-18). The last burglary victim explained how the experience negatively affected his entire family. He noted that appellant threatened his life during the burglary and would have raped his mother had she been present. (Tr. 9-12). The first rape victim described what happened to her. She explained how appellant ruined her life and her family's life, noting that her son had to watch her strip and watch her perform oral sex on appellant. (Tr. 13-15). When she expressed her desire to choke appellant, he caused a disturbance which required him to be removed from the courtroom and his attorney to apologize to the court on his behalf. (Tr. 13).
As mitigation, appellant's attorney explained that appellant has psychological problems and that he was off his medication when these incidents occurred. (Tr. 20). Appellant's counsel urged the court to accept the jointly recommended sentence of twenty-two years. (Tr. 21-22). Appellant then spoke on his own behalf. He apologized and asked the court to note that he was cooperative. He mentioned that he was a "crack baby" and said that he needs help with his psychological and drug problems, help that he opined cannot be obtained in prison. (Tr. 23-24). He stated, "I might get out on the street in the 22 years and do this all over again." (Tr. 24).
Thereafter, the court made various findings and accepted the jointly recommended sentence with one exception. The ten year sentence on Count Three, which reflected the first rape, was to run consecutive to the ten year concurrent sentences on the remaining fourteen charges. Hence, instead of the desired twenty-two years, the court sentenced appellant to thirty-two years. Appellant filed timely notice of appeal. His appellate brief was submitted in April 2001.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error contends:
 "THE TRIAL COURT ERRORED [sic] IN SENTENCING THE APPELLANT AS THE RECORD DOES NOT SUPPORT THE MAXIMUM CONSECUTIVE SENTENCES AND THE SENTENCE IS CONTRARY TO LAW."
Under this assignment, appellant sets forth the principles and purposes of sentencing as set forth in R.C. 2929.11 and the various sentencing factors dealing with seriousness and recidivism as set forth in R.C.2929.12. He then mentions the test for deviating from the minimum sentence in a case where the offender has not served a prior prison term as set forth in R.C. 2929.14(B) and the test for imposing the maximum sentence as set forth in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) and (e). He then states what he characterizes as mitigating factors and alleges that there is clear and convincing evidence that the sentence is contrary to law.
Initially, we note that the court declared the recommended sentence would demean the seriousness of the offense and would not adequately protect the public. (Tr. 28). These are both alternative findings the court can make in order to deviate from the minimum sentence. R.C.2929.14(B). Obviously if maximum concurrent sentences would demean the seriousness and fail to protect the public, then a minimum sentence would also demean the seriousness and fail to protect the public. See, e.g.,State v. White (1999), 135 Ohio App.3d 481.
Moreover, R.C. 2929.14(B) provides, "[e]xcept as provided in division (C) * * *." Pursuant to R.C. 2929.14(C), the court may impose the maximum sentence if it finds that the offender: committed the worst form of the offense, poses the greatest likelihood of committing future crimes, committed a major drug offense or can be characterized as repeat violent offenders. The trial court stated that appellant committed the worst form of the offense and that he poses the greatest likelihood of committing future crimes. (Tr. 29). Thus, the court satisfied the mandates of R.C. 2929.14(C) for imposing the maximum sentence.
A court imposing the maximum sentence also must provide reasons for making its finding. R.C. 2929.19(B)(2)(d) and (e); State v. Edmonson
(1999), 86 Ohio St.3d 324, 328-329. In stating why maximum consecutive sentences were justified, the court stated that appellant voiced exactly what the court is afraid of, that he will get out after twenty-two years and do the same thing again because prison cannot help him. (Tr. 28-29). The court thus pointed out how appellant's own words establish that he poses the greatest likelihood of committing future crimes. As for the alternative reason, that he committed the worst form of the offense, the court stated that the victims were terrorized and opined that the emotional harm is great and unusual as the children of some victims had to watch their mother being raped. (Tr. 27, 29 J.E.).
Even assuming arguendo the trial court's reasons to support either of its alternative findings for imposing the maximum sentence were lacking, such would not be error under the facts of this case. Appellant jointly recommended, as part of the plea agreement, that he be sentenced to the maximum sentence of ten years on each of the fifteen counts. Thus, the court was not required to determine whether deviation from the minimum or imposition of the maximum was proper. See, e.g., State v. Salsgiver
(Aug. 10, 2001), Trumbull App. No. 2000-T-48, unreported, 2-3. This conclusion is justified under the doctrines of plea agreements, waiver, or invited error. See, e.g., State v. Campbell (2000), 90 Ohio St.3d 320,324 (stating that a defendant may not take advantage of an error which he himself invited or induced, i.e., a defendant cannot ask a court to do something and later claim that the action was erroneous).
The sole issue left for our analysis is that addressed in the text of the assignment and mentioned thereunder; that is, whether the court was justified in imposing consecutive sentences.[1] Similar to the process required for imposing a maximum sentence, the court must also make certain findings and provide the reasons for these findings in order to impose a consecutive sentence. R.C. 2929.14(E)(4)(a)-(c); R.C.2929.19(B)(2)(c). The requisite findings for imposition of a consecutive sentence are outlined as follows: a consecutive sentence is necessary to protect the public from future crime or to punish the offender; and it is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (a) multiple offenses were committed while awaiting trial or sentencing or while under similar restraint, or (b) the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct, or (c) consecutive sentences are necessary to protect the public from future crime as demonstrated by the offender's criminal history. R.C. 2929.14(E)(4)(a)-(c).
As required, the trial court made the requisite finding that a consecutive sentence was necessary to protect the public from future crime. The court also made the alternative finding that a consecutive sentence was necessary to punish appellant. The court then made the next finding that the consecutive sentence is not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. The court finally stated that the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct. All of these findings were set forth in the sentencing entry. See Edmonson,86 Ohio St.3d at 329 (stating that the findings and reasons may be reflected in the record from the sentencing hearing or the judgment entry and reversing because although there existed some reasons that may support a finding, the court made no findings).
As for the trial court's reasons for making these findings, the court stated that it considered the psychiatric report, the presentence investigation, the victim impact statements, and the victims' live statements. The court opined that appellant poses the greatest likelihood of committing future crimes and pointed to his concession that prison will not rehabilitate him and his own statement that he "might get out on the street in the twenty-two years [at age forty-one] and do this all over again." (Tr. 24, 29). The court expressed its need to protect future individuals. (Tr. 28). The court found that the victims were "truly terrorized." The court mentioned displays of cruelty and threats of more cruelty. (Tr. 27). The court characterized the rape for which the consecutive sentence was imposed as the worst form of the offense. The court stated that, considering the impact on multiple victims, concurrent sentences would demean the seriousness of appellant's acts. Finally, the court pointed out that the emotional harm was so great and unusual, considering the fact that children watched their mothers be raped, that a single term does not reflect the seriousness of the conduct. (Tr. 29).
Appellant contends that the sentence is not supported by the record; the only way we would agree with that statement is if we found that he received too light of a sentence. See R.C. 2953.08 (G)(1) (allowing the appellate court to increase a trial court's sentence if it finds by clear and convincing evidence that the record does not support the sentence). In conclusion, the court made the requisite findings and supported these findings with sufficient reasons to impose a consecutive sentence for one of the fifteen first degree felonies for which appellant conceded he should receive the maximum sentence. See, e.g., State v. Kelly (Aug. 20, 2000), Butler App. No. CA2000-05-075, unreported, 2.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] This argument does not involve the four consecutively imposed firearm specifications which must run consecutively as a matter of statutory law (and which appellant agreed would run consecutively to each other and to the underlying offenses). R.C. 2929.14(E)(1)(a).